No. 18,873.

ADOLPH CEJA *v.* PEOPLE OF THE STATE OF COLORADO.
(351 P. [2d] 271)

Decided April 18, 1960.

Plaintiff in error, *pro se*.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error will be referred to as the defendant. Defendant was convicted of first degree murder. The death of the victim was caused by concussion of the brain with subdural hemorrhage, resulting from injuries inflicted during a robbery committed by the defendant and two accomplices. The defendant was sentenced to imprisonment for life.

The crime was committed shortly before midnight, and in the early morning of the following day a passerby observed the deceased, one Raymond Portales, lying near the premises numbered 2919 Arapahoe Street. The police arrived and found that Portales had been badly beaten and was bleeding from the mouth and other parts of the face and head. He died in the ambulance on the way to the hospital. While the patrolman who answered the call was still at the scene the defendant passed by and stopped to talk to the officer. In response to questions the defendant said he had just been over to see his father at the Burlington Railroad Shops. The defendant was permitted to go on his way. Later investigation disclosed, however, that his father was on vacation, and was not at the Burlington shops. Defendant was promptly thereafter arrested and in interviews with officers at police headquarters gave different versions of his whereabouts during the hours within which the crime must have been committed. Three days following the crime the defendant admitted participation in the assault upon Portales and identified those who took part in the robbery with him. He said that one of his accomplices knocked Portales down and kicked him in the face. He said:

"Yes, I took a billfold out of his hip pocket. It had some papers, social security, and $20.00 in it."

The defendant appears in this Court *pro se.* He sets forth eighteen alleged grounds for reversal. As usually happens in cases where no licensed attorney appears on

behalf of a litigant, the arguments advanced show a complete lack of familiarity with the proper application of well settled principles of law, and are wholly lacking in merit.

Among the points argued by defendant is that the court erred in not instructing on the lesser offenses of second degree murder, voluntary and involuntary manslaughter; that the court should have granted a motion for directed verdict because of insufficiency of evidence; that the trial court erred in permitting the late endorsement on the information of the name of a witness for the people; that the deceased could have died from alcoholism because blood taken from the body showed an alcoholic content (although the expert opinion was that it was not the cause of death); and that the affidavit supporting the information was made by an officer who had no personal knowledge of the crime.

We see no reason why any of these arguments should be discussed at any length in this opinion. Suffice it to say that we have read the entire record in this cause. We are at a loss to understand how any verdict other than one of guilty of first degree murder could possibly be returned following the trial of this cause.

The evidence overwhelmingly establishes the guilt of the defendant in a brutal and heartless assault and robbery committed upon the person of the deceased. There are even now men awaiting execution in the gas chamber whose offenses were no more vicious and shocking than the crime shown by this record. The defendant had a fair trial, one that was conducted in all respects pursuant to law, and has no cause whatever for complaint.

The judgment is affirmed.